UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ANTHONY JERDINE,
    Petitioner,

1:12 CV 1355

-VS-    *NEW PLEADING*

JUDGE WELLS
MAG. JUDGE JAMES R. KNEPP II

DAVID LEONARDI - WARDEN/LIEUTENANT,
HARRY LAPPIN - DIRECTOR BOP,
UNITED STATES OF AMERICA,
    Respondents.

---

WRIT OF HABEAS CORPUS
28 United States Code § 2241
Federal Rules of Evidence, Rule 201(d).

---

Petitioner Anthony Jerdine is challenging the execution and manner in which his sentence is being served. Jerdine is in custody under authority of the United States, for an order and judgment of a judge of the United States in violation of the Constitution of the United States. Jerdine respectfully demands to be released from custody for the following reasons, facts and authority in support.

1 of 10

Anthony Jerdine, Pro Se

Facts of Case - Authority in Support

Anthony Jerdine is currently incarcerated at Bedford Heights Jail where David Leonard is presiding as Warden/Lieutenant. Anthony Jerdine was remanded to the custody of the Bureau of Prisons, Harry Lappin-Director on May 3, 2012 by United States District Judge Donald C. Nugent. Judge Nugent sentenced Jerdine to 100 months custody, 5 years supervised release and $1,390,099 restitution. Jerdine is sentenced and is therefore challenging the execution and manner of the unconstitutional sentence under 28 U.S.C. § 2241. See United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999).

The trial court and the government consistently and repeatedly violated petitioner Anthony Jerdine's right to a Sixth Amendment Speedy Trial and Fifth Amendment Due Process of Law in the proceedings 1:08 CR 481. United States District Judge Lesley B. Wells was originally assigned to the case on 11/19/2008.

2 of 10

In November 2008, a grand jury returned a fifteen count indictment, charging Jerdine and eleven co-defendants with one count of conspiracy to commit bank fraud, one count of bank fraud, and twelve counts of money laundering. On November 24, 2008, Jerdine was arraigned and temporarily detained. Subsequently, on December 1, 2008, a magistrate judge conducted a detention hearing and entered an order of detention. Jerdine appealed the magistrate judge's detention order to the District court and filed numerous pro se motions. Jerdine asserted his Speedy Trial rights on January 5, 2009 [ECF #72]. The district court upheld the magistrate judge's order of detention and the Sixth Circuit affirmed. United States v. Jerdine, No. 09-3235 (6th Cir 07/29/09).

In April 2009, the grand jury returned a superseding indictment, charging Jerdine and fourteen co-defendants with two counts of conspiracy to commit bank fraud and fifteen counts of money laundering. Anthony Jerdine filed several pleadings for bail, speedy trial, and due process violations. [ECF #181, 182, 184, 185, 186, 188, 201, 206, 207, 208] On June 22, 2010 after an extended period of inactivity, Jerdine moved the Court for trial determination and status conference. [ECF #244].   3 of 10

On September 17, 2010, a telephonic status conference was held without Pro Se Anthony Jerdine violating Due Process of Law. Furthermore, on September 21, 2010 the government prepared, drafted and filed a motion to continue trial beyond the speedy trial limit. The only one defendant who was incarcerated and asserting his speedy Trial right was Pro Se Jerdine. Moreover, on September 28, 2010 the trial court expressly determined the proper procedures for stipulations, they must be signed by the defendant and counsel. [ECF # 270]. This process violated Jerdines Due Process of Law again. Subsequently, Jerdine objected to the Speedy Trial and Due Process violations on November 12, 2010 [ECF # 279, 295] Jerdine then filed several motions to dismiss the superseding indictment. [ECF # 301, 316, 329, 330, 331, 336, 341, 342, 343, 347, 348, 349, 358, 359, 370, 372, 373, 374]. Jerdine preserved his right to petition the government for redress of a grievance at every stage of the proceedings.

On February 28, 2011 the government confiscated, lost and stole critical trial documents, research, evidence and exhibits. Jardine filed a tort claim in support. [ECF #409] This prejudice violated Jardine and his ability to adequately prepare for trial while transporting from NEOCC ("CCA") to Cuyahoga County Jail. On May 17, 2011, the government further retaliated and impaired Jardine's defense by forcing him to box up and mail home all of his trial documents in fifteen (15) minutes and was allowed to take one scattered box of documents to NEOCC from Cuyahoga County Jail. Jardine filed several pleadings for bail, speedy trial and due process violations. [ECF # 389, 390]. However, without explanation or justification, the government abruptly transferred Anthony Jardine, Pro se to Bedford Heights Jail from NEOCC ("CCA"), on August 5, 2011. The government and Bedford Heights Jail refused to allow Jardine to bring his remaining trial documents, evidence, exhibits and legal research. This action alone permanently foreclosed Jardine's ability to adequately prepare for trial. 5 of 10

Jerdine and stand-by counsel filed several pleadings to dismiss the indictment and move to an appropriate facility. [ECF # 403, 404, 405, 407, 408, 409, 411]. On September 8, 2011 the trial court recognized the claimed violations and ORDERED the government to transfer Jerdine to an appropriate facility in order to prepare for trial. [ORDER Dated 09/08/2011]. The government did not comply with the Order due to the district court Judge being unavailable due to health reasons. The government is ipso facto responsible for the delay and prejudice to Jerdine. Jerdine filed several pleadings preserving his claims of substantial rights violations [ECF # 413, 414, 415, 418, 421, 427, 428, 429, 432, 433, 435, 438, 439, 444, 453].

After 39 months of oppressive pre-trial detention, prejudice to defense, anxiety and concern, due process violations, prosecutorial misconduct, punishment and denial of substantial rights Jerdine pled guilty on February 8, 2012 under a conditional plea agreement Rule 11(a)(2).

Jerdine filed several pleadings for release from custody and judicial determination of the constitutional violations suffered by Jerdine. [ECF # 471, 473, 474, 475, 476, 477, 482].

The Sixth Circuit has held that much shorter delays than Jerdines 39 months are presumptively prejudicial. See Maples v. Stegall, 427 F.3d at 1026 (2005) ("finding the 25 month delay between arrest and date of trial/guilty plea was 'uncommonly long'"). The Sixth Circuit holds delays exceeding one year are presumed prejudicial. Wilson v. Mitchell, 250 F.3d 388, 394 (6th Cir. 2001); United States v. Mundt, 29 F.3d 233, 235 (6th Cir. 1999); United States v. Watford, 468 F.3d 901 (6th Cir. 2005).

The Supreme Court has articulated a balancing test to determine whether the Sixth Amendment right to a speedy trial has been violated, which include (1) length of delay, (2) reason for the delay, (3) the defendants assertion of his right, and (4) prejudice to defendant. Barker v. Wingo, 407 U.S. 514 (1972).

The proper remedy for a violation of Jerdine's Sixth Amendment speedy trial claim is dismissal of the superseding indictment with prejudice. United States v. Brown, 498 F.3d 523, 530 (6th Cir. 2007); citing United States v. Jackson, 473 F.3d 660, 664 (6th Cir. 2007).

However, due process does have a limited role in protecting defendant's rights against oppressive delay. United States v. Lovasco, 431 U.S. 783 (1977). Delays intended to secure a tactical advantage weigh heavily against the government. United States v. White, 985 F.2d 271, 275 (6th Cir. 1993).

The Sixth Circuit recognizes a request for bail as the functional equivalent of the request for speedy trial. Redd v. Sowders, 809 F.2d 1266, 1271 (6th Cir. 1987); Cain v. Smith, 686 F.2d 374, 384 (6th Cir. 1982).

Anthony Jerdine has pled with specificity the substantial prejudice suffered to his defense, and he has never requested a continuance, but has objected to every delay and continuance by the court, the government and co-defendants.

Jardine has repeatedly, persistantly and doggedly asserted his right to a speedy trial. "The defendants assertion of his speedy trial right... is entitled to strong evidentiary weight in determining whether the defendant is being deprived of that right." United States v. Brown, 498 F.3d at 531 (quoting Barker, 407 U.S. at 531-32).

The Due Process Clause always protects defendants against fundamentally unfair treatment by the government in criminal proceedings. Lovasco, 431 U.S. 783 (1977). United States v. Greene, 737 F.2d 572. In an unpublished opinion reversing a denial of a petition for habeas corpus, the Sixth Circuit held that a petitioner whose trial was delayed by three and a half years had shown a violation of his right to a speedy trial. Dixon v. White, 210 F. App'x 498, 499 (6th Cir. 2007)

Anthony Jardine has demonstrated how the government has denied him the ability to adequately prepare for trial, anxiety and concern and oppressive pre trial detention.

9 of 10

All facts and evidence cited in this petition are mandatory judicial notice under 201(c)(2) and 201(d). Because the district court erred by finding that petitioners Sixth Amendment right to a speedy trial was not violated, we reverse the District courts denial of petitioners speedy trial motion and remand for dismissal of the indictment with prejudice. United States v. Ferreira, No. 09-5903 (6th Cir. November 30, 2011).

Conclusion

Based on the foregoing, petitioner Anthony Jerdine's Sixth Amendment right to a speedy Trial and Due Process of Law were violated. The only remedy for a Sixth Amendment speedy trial violation is dismissal with prejudice. Therefore Jerdine is in custody in violation of the Constitution and the Writ shall issue forthwith.

May 23, 2012

Anthony Jerdine, Pro Se
Bedford Hts. Jail

10 of 10