IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
ANTHONY JERDINE, :
: CASE NO. 1:12 CV 1355
               Petitioner, :
:
        -vs- : **MEMORANDUM OF OPINION**
: **AND ORDER**
DAVID LEONARDI, et al., :
:
               Respondents. :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    On May 30, 2012, petitioner *pro se* Anthony Jerdine filed the above-captioned action for habeas corpus under 28 U.S.C. § 2241. Mr. Jerdine challenges his conviction, pursuant to a guilty plea, and the sentence imposed on him in the United States District Court for the Northern District of Ohio. He asserts he was denied his Sixth Amendment right to a speedy trial and due process of law. For the reasons stated below, the petition is denied and this action is dismissed.

    Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a
> prisoner who is authorized to apply for relief by motion
> pursuant to this section, shall not be entertained if it appears
> that the applicant has failed to apply for relief, by motion, to
> the court which sentenced him, or that such court has denied
> him relief, unless it also appears that the remedy by motion
> is inadequate or ineffective to test the legality of his
> detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished disposition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Despite Mr. Jerdine's assertion to the contrary, he is clearly seeking to challenge his conviction and the imposition of his sentence rather than its execution. Further, as there is no reasonable suggestion that the § 2255 remedy is "inadequate" or "ineffective," habeas corpus relief under 28 U.S.C. § 2241 is simply unavailable.

Accordingly, the request to proceed *in forma pauperis* is granted, the petition is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. The court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          /s/Lesley Wells
                                          UNITED STATES DISTRICT JUDGE